J-S12010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AQUIL TILLMAN | |
| Appellant | No. 1378 EDA 2015 |

Appeal from the PCRA Order April 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0403711-1997

BEFORE:  MUNDY, J., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 11, 2016**

Appellant, Aquil Tillman, appeals *pro se* from the April 27, 2015 order dismissing, as untimely, his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we reverse the PCRA court's order, vacate the judgment of sentence, and remand for resentencing.[1]

On August 10, 1999, the trial court imposed an aggregate sentence of life imprisonment without the possibility of parole, after Appellant was found guilty of one count each of first-degree murder, aggravated assault, robbery,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court initially affirmed the PCRA court's order in a judgment order on January 22, 2016.  Appellant filed a timely application for reconsideration on February 4, 2016.  On March 8, 2016, this Court entered an order granting panel reconsideration, and this Court's prior judgment order was withdrawn.

criminal conspiracy, and possession of an instrument of a crime.[2] The parties agree that Appellant was under 18 years of age at the time of the offense. Appellant's Brief at 8; Commonwealth's Brief at 9. This Court affirmed Appellant's judgment of sentence on April 16, 2001, and our Supreme Court denied Appellant's petition for allowance of appeal on September 25, 2001. *Commonwealth v. Tillman*, 778 A.2d 739 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 790 A.2d 1016 (Pa. 2001). As Appellant did not seek a writ of *certiorari* from the United States Supreme Court, his judgment of sentence became final on December 24, 2001 when the period for filing a *certiorari* petition expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); U.S. Sup. Ct. R. 13(1) (stating, "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review[]").[3] Appellant filed the instant

---

[2] 18 Pa.C.S.A. §§ 2502(a), 2702(a), 3701(a), 903(a), and 907(a), respectively.

[3] We note Appellant filed his first PCRA petition on June 11, 2003. The PCRA court dismissed said petition on January 7, 2005. This Court affirmed on
*(Footnote Continued Next Page)*

petition on June 23, 2010; as a result, it was facially untimely. *See generally* 42 Pa.C.S.A. § 9545(b)(1). Relevant to this appeal, Appellant amended his PCRA petition on August 17, 2012, to include a claim based on the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012).

Instantly, Appellant argues that his petition is timely under the new constitutional right exception because the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), should be retroactively applied. Appellant's Brief at 8-11. In *Miller*, the Supreme Court held the Cruel and Unusual Punishment Clause of the Federal Constitution forbids the imposition of a mandatory sentence of life imprisonment without the possibility of parole upon a minor, even for a homicide. *Miller*, *supra* at 2460. On January 25, 2016, the Supreme Court decided *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which concluded that *Miller* is to be applied retroactively to cases on state collateral review. *Montgomery*, *supra* at 736.

Given that Appellant is correct that *Miller* is retroactive to cases on collateral review, we now address whether we may afford him a remedy at this juncture. Section 9545(b)(1)(iii) permits an exception to the PCRA

*(Footnote Continued)* ───────────────

September 16, 2005, and Appellant did not file a petition for allowance of appeal with our Supreme Court. *Commonwealth v. Tillman*, 888 A.2d 12 (Pa. Super. 2005) (unpublished memorandum).

time-bar when the petition in question alleges and proves "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and **has been held** by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii) (emphasis added). In **Commonwealth v. Abdul-Salaam**, 812 A.2d 497 (Pa. 2002), our Supreme Court held that the General Assembly's use of the past tense in the phrase "has been held" in Section 9545(b)(1)(iii) means that the applicable "retroactivity determination must exist at the time that the petition is filed." **Abdul-Salaam**, **supra** at 502. As noted above, Appellant's petition was initially filed on July 2, 2010 and amended to include **Miller** on July 26, 2012, but **Montgomery** was not decided until January 25, 2016.

However, on February 9, 2016, this Court examined **Abdul-Salaam** and held that "[t]he date of the **Montgomery** decision (January 25, 2016, as revised on January 27, 2016) will control for purposes of the 60-day rule in Section 9545(b)(2)." **Commonwealth v. Secreti**, --- A.3d ---, 2016 WL 513341, at *6 (Pa. Super. 2016). The Court explained that this was necessary to "harmonize the PCRA requirements with **Montgomery**, **Miller**, and **Abdul-Salaam** and simultaneously achieve the justice this law was designed to promote." **Id.** at *5. Therefore, consistent with **Secreti**,

- 4 -

Appellant's petition was timely and **Miller** does apply to his case.[4] Furthermore, as noted above, Appellant was given a mandatory sentence of life imprisonment without the possibility of parole, and the Commonwealth acknowledges that Appellant was a minor at the time of the offense. Appellant's Brief at 8; Commonwealth's Brief at 9. As a result, Appellant is entitled to resentencing, consistent with **Montgomery**, **Miller**, and **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013).[5]

Based on the foregoing, we conclude Appellant's PCRA petition was timely filed and he is entitled to resentencing, in light of **Miller**, **Montgomery** and **Secreti**.[6] Accordingly, the PCRA court's April 27, 2015 order is reversed, the August 10, 1999 judgment of sentence is vacated, and the case is remanded for resentencing, consistent with this memorandum.

---

[4] In its initial brief, the Commonwealth argued that Appellant may not seek a remand even if **Miller** were retroactive based on the text of Section 9545(b)(1)(iii) and our Supreme Court's decision in **Abdul-Salaam**. Commonwealth's Brief at 8 n.1. However, in its answer to Appellant's petition for reconsideration, the Commonwealth conceded that resentencing was required. Commonwealth's Answer, 2/16/16, at 2.

[5] We note that the General Assembly passed Section 1102.1 in October 2012 to address **Miller**, which provides new mandatory minimum sentences for juveniles convicted of first-degree murder. However, Section 1102.1's text limits its application to those "convicted after June 24, 2012[.]" 18 Pa.C.S.A. § 1102.1(a), (c).

[6] On remand, the PCRA court shall appoint counsel for Appellant, as it is axiomatic that sentencing is a critical stage of a criminal proceeding, requiring counsel. **See generally Commonwealth v. Phillips**, 93 A.3d 847, 854 (Pa. Super. 2014) (citation omitted).

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/11/2016